IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JSDQ MESH TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  16-cv-212-GMS |
| | ) | |
| FLUIDMESH NETWORKS, LLC (f/k/a | ) | |
| FLUIDMESH NETWORKS, INC.), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM**

## I.  **BACKGROUND**

On March 31, 2016, Plaintiff JSDQ Mesh Technologies LLC ("JSDQ") filed this patent

infringement lawsuit against Defendant Fluidmesh Networks LLC ("Fluidmesh").  JSDQ alleges

that Fluidmesh infringes four patents: U.S. Patent Nos. 7,286,828 ("the '828 Patent"); 7,916,648

("the '648 Patent"); RE43,675 ("the '675 Patent"); and RE44,607 ("the '607 Patent") (collectively,

"the Asserted Patents").  Presently before the court is Defendant Fluidmesh's motion to dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(6).  (D.I. 8.)  Fluidmesh argues that the Asserted

Patents claim patent ineligible subject matter and are therefore invalid under 35 U.S.C. § 101.  For

the reasons discussed below, the court will deny Fluidmesh's motion to dismiss.

## II.  **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal where the

plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In

considering a motion to dismiss, the court "accept[s] all factual allegations as true, construe[s] the

complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Plaintiffs must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "At the motion to dismiss stage a patent claim can be found directed towards patent-ineligible subject matter if the *only* plausible reading of the patent must be that there is clear and convincing evidence of ineligibility." *Tuxis Techs., LLC v. Amazon.com, Inc.*, No. 13-1771-RGA, 2014 WL 4382446, at *2 (D. Del. Sept. 3, 2014).

Section 101 describes the general categories of patentable subject matter: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. These broad classifications are limited, however, by exceptions. "Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice*, 134 S. Ct. at 2354 (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2216 (2013)).

The Court's decision in *Alice* reaffirmed the framework first outlined in *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 132 S. Ct. 1289 (2012), used to "distinguish[] patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *See Alice*, 134 S. Ct. at 2355.

> First, we determine whether the claims at issue are directed to one
> of those patent-ineligible concepts. If so, we then ask, what else is

2

> there in the claims before us? To answer that question, we consider the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application. We have described step two of this analysis as a search for an "inventive concept"—*i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself.

*Id.* (internal citations, quotation marks, and alterations omitted). Thus, the court must determine (1) if the patented technology touches upon ineligible subject matter, and (2) whether there are sufficient inventive elements such that the invention is "'significantly more' than a patent on an ineligible concept." *See DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1255 (Fed. Cir. 2014) (quoting *Alice*, 134 S. Ct. at 2355); *see also Alice*, 134 S. Ct. at 2354 ("[A]n invention is not rendered ineligible for patent simply because it involves an abstract concept.").

## III.    DISCUSSION

As a preliminary matter, the court must determine whether Defendant met its burden to establish a representative claim. *See Triplay, Inc. v. WhatsApp Inc.*, 2015 WL 1927696, at *6 (D. Del. Apr. 28, 2015) ("Defendant bears the burden to demonstrate that its asserted Section 101 defense is well taken as to each claim. In the absence of significant discussion regarding claims . . . the Court finds that Defendant has not carried its burden as to those claims"). The Federal Circuit has held that the district court is not required to individually address claims not asserted or identified by the non-moving party, so long as the court identifies a representative claim and "all the claims are substantially similar and linked to the same abstract idea." *Idexx Labs., Inc. v. Charles River Labs., Inc.*, 2016 WL 3647971, at *2 (D. Del. July 7, 2016) (quoting *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014) (internal quotation marks omitted), *cert. denied*, 136 S. Ct. 119 (2015)).

*Cronos Techs., LLC v. Expedia, Inc.*, 2015 WL 5234040  (D. Del. Sept. 8, 2015) delineated "several considerations relevant to deciding a Rule 12 motion that challenges the patent eligibility of multiple patent claims based on analysis of a single representative claim." 2015 WL 5234040, at *2.  The *Cronos* Court set out the following considerations:

> First, are all non-representative claims adequately represented by the representative claim (i.e., do **all** of the challenged claims relate to the **same** abstract idea and do any of the non-representative claims add one or more inventive concepts that would result in patent eligibility)? Second, are there issues of claim construction that must be decided before resolving the motion? Finally, is there **any** set of facts that could be proven relating to preemption, questions of patentability, or whether the claims "solve a technological problem," that would result in a determination that one—or more of the claims are patent-eligible?

*Id.*

Fluidmesh asserts that claim 47 of the '828 Patent is representative of the other claims of the Asserted Patents.  (D.I. 9 at 9-10.)  In short, Fluidmesh describes claim 47 as "disclos[ing] a method of 'providing a radio communication route' among nodes 'independent of a central computer.'"  *Id.* at 9.  Fluidmesh argues that the court may dismiss JSDQ's infringement lawsuit because all the claims are "substantially similar, linked to the same general abstract ideas, and fail to add sufficiently more to render the claims patent-eligible."  *Id.* at 10.

In response, JSDQ argues that "Defendant does not ask this Court to consider 'claims not asserted or identified.'"  (D.I. 13 at 3.)  JSDQ also refutes Fluidmesh's characterization of claim 47 as representative.  *Id.*  JSDQ argues that Fluidmesh has "fail[ed] to meet its burden of establishing that the distinct claims from distinct patents are substantially similar."  *Id.*  JSDQ concedes that "similarities" exists between the Asserted Patents, but ultimately rejects the contention that claim 47 of '828 Patent is representative "because the other asserted claims

4

comprise distinct limitations . . . ." *Id.* JSDQ identifies some of the "distinct limitations" as follows:

> Identifies a multi-link route segment to another said node and includes a value of a radio parameter related to a condition of said route segment ... selecting at a said node receiving said radio signals a preferred said multi-link route segment (Ex. A, '648 Pat., Cl. 29);
>
> Measuring a value of a radio parameter of a said directional radio signal received by at least one said node (Ex. A, '675 Pat., Cl. 15); and
>
> Using a directional radio signal transmitted from one said node in a directional link and received directly by the other said node in said directional link (Ex. A, '607 Pat. Cl. 3).

(D.I. 13 at 3-4.)

JSDQ asserts, therefore, Fluidmesh's motion must be denied. *Id.*

Fluidmesh has not adequately explained why the Asserted Patents relate to the same abstract idea embodied by claim 47 of the '828 Patent.[1] The court agrees with JSDQ that Fluidmesh fails "to identify a consistent abstract idea upon which to base its motion." (D.I. 13 at 6-7.); *see also Cronos*, No. CV 13-1538-LPS, 2015 WL 5234040, at *3 (D. Del. Sept. 8, 2015) (recognizing that Defendants failed to adequately explain why the patent claims relate to the same abstract idea where Defendants asserted four different versions of the abstract idea to which the challenged claims were purportedly directed).

Furthermore, Fluidmesh fails to provide meaningful analysis for each of the challenged patent claims at issue.[2] Fluidmesh asserts that "none of the other claims 'offers a meaningful limitation' over the abstract idea that is claimed by the representative claim." (D.I. 9 at 10.) Because the parties dispute the representativeness of claim 47, Fluidmesh must provide more

---

[1] Fluidmesh asserts in conclusory fashion: "All Asserted Patents generally related to the same subject matter, are substantially similar, and claim the same abstract idea—fundamental methods of routing a message among a plurality of telecommunication nodes, independent of a central computer separate from nodes." (D.I. 9 at 2.)

[2] JSDQ's Complaint (D.I. 1) alleges infringement of seven claims from four separate patents. (D.I. 13 at 3.)

meaningful analysis for each of the non-representative claims. *See Cronos* 2015 WL 5234040, at *2 ("As there is no indication that the parties have agreed that claim 22 is representative for purposes of the Court's§ 101 analysis, Defendants must provide at least *some* meaningful analysis for *each* of the challenged claims.") Here, in addition to the alleged representative claim 47, Fluidmesh merely analyzes claim 56 of the '828 Patent without analysis of the '648, '675, or '607 Patents. Thus, accepting JSDQ's allegations as true, JSDQ has sufficiently pled allegations to create a factual dispute as to whether the non-representative claims add inventive concepts that would result in patent eligibility.

The second consideration requires the court to address whether there are issues of claim construction that must be resolved before deciding the motion. Although patent eligibility under § 101 presents a question of law, underlying factual issues may arise. *See Accenture Global Servs. v. Guidewire Software, Inc.*, 728 F.3d 1336, 1341 (Fed. Cir. 2013). At this stage in the litigation, the court has not engaged in claim construction. JSDQ has not asserted any reason why claim construction would impact the court's Section 101 analysis. Nonetheless, the court is not inclined to dismiss the claims absent claim construction or appropriate discovery. *See Execware, LLC v. BJ'S Wholesale Club, Inc.*, No. CV 14-233-LPS, 2015 WL 5734434, at *3 (D. Del. Sept. 30, 2015) (denying motion to dismiss without prejudice to the movant's ability to renew it as a summary judgment after a finding that formal claim construction was necessary).

Applying the third consideration—whether there is *any* set of facts that could be proven that would result in the challenged claims being patent-eligible—the Court cannot determine at this time that there is no such set of facts. *See Accenture Global Servs. v. Guidewire Software, Inc.*, 728 F.3d 1336, 1341 (Fed. Cir. 2013) ("Patent eligibility under § 101 presents an issue of law that ... may contain underlying factual issues.") Here, like *Cronos*, there may be a set of facts

6

related to preemption, questions of patentability, or whether claim 47 is directed to a technological improvement rather than a generic computer implementation of an abstract idea that preclude the court from determining that the challenged claims are patent-ineligible. The briefing and evidence now before the court are inadequate to permit a conclusive answer to the aforementioned questions.

## IV.    CONCLUSION

Accordingly, the court will deny Defendant's motion to dismiss without prejudice. (D.I. 8.)

Dated: September _6_, 2016

_____
UNITED STATES DISTRICT COURT

7